*Special* 553



# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable B. T. Walters
County Auditor
Smith County
Tyler, Texas

Dear Sir:

Opinion No. O-3729
Re: Do taxes accrue on real estate
bought by the county under a
tax judgment and held beyond
the redemption period and what
disposition should be made of
excess funds from a subsequent
sale?

We are in receipt of your letter in which you request the opinion of this department upon the facts set out therein as follows:

"Do taxes accrue on Real Estate bought by the County under Tax Judgment and held beyond the Redemption Period? If no taxes accrue, what disposition should be made of any excess funds from a sale where the City or Independent School District intervened in the Tax Suit?"

In answer to your first question as to whether or not taxes accrue on real estate bought by the county under a tax judgment and held beyond the redemption period, we refer you to Opinion No. O-3624 of this department in which we hold as follows:

"It is the opinion of this department that during the two year redemption period the property should be kept upon the current tax rolls and taxes assessed against such property, in the name of the person who was the true owner, not the taxing unit that purchased it at the tax sale, for it cannot be the true or actual owner until its title has ripened by the expiration of the redemption period, but the person who actually owned the property on January 1st of the year for which the taxes are assessed. In this connection, we direct your attention to the following authorities:

"Cranfill Bros. Oil Co. v. State, 54 S.W.(2d) 815, error refused; Gerlach Mercantile Co. v. State,

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable B. T. Walters, Page 2

10 S. W. (2d) 1035, error refused; Texas Vegetable Union et al vs. Zavalla-Dimmitt Counties Water Imp. Dist. No. 1, 57 S. W. (2d) 683, error refused; Arts. 7326 and 7328.1, Vernon's Ann. Civ. Statutes; and 40 Tex. Jur. pp. 104, 255.

"It is our further opinion, however, that if the property is not redeemed within the two year period then the lien against the property for taxes so assessed subsequent to the original foreclosure sale is extinguished and the property should not be continued to be assessed upon the current tax rolls of the various taxing units in the suit."

A copy of said Opinion No. O-3624 is enclosed herein for your information.

In your second question you are concerned with a situation where one of the taxing units has purchased property at the original tax foreclosure sale, held the same beyond the redemption period in behalf of itself and the other taxing units, and subsequently sold the property at a price more than enough to satisfy all costs, taxes, interest and penalty involved in the original tax judgment. You request information as to what should be done with the excess. We believe the procedure you inquire about is answered in Section 9 of Article 7345b of Vernon's Annotated Civil Statutes. Said Section reads as follows:

"If the property be sold to any taxing unit which is a party to the judgment under decree of court in said suit, the title to said property shall be bid in and held by the taxing unit purchasing same for the use and benefit of itself and all other taxing units which are parties to the suit and which have been adjudged in said suit to have tax liens against such property, pro rata and in proportion to the amount of the tax liens in favor of said respective taxing units as established by the judgment in said suit, and costs and expenses shall not be payable until sale by such taxing unit so purchasing same, and such property shall not be sold by the taxing unit purchasing same for less than the adjudged value thereof or the amount of the judgments against the property in said suit, whichever is lower, without the written consent of all taxing units which in said judgment have been found to have tax liens against such property; and when such property is sold by the taxing unit purchasing same, the proceeds there-

Honorable B. T. Walters, Page 3

of shall be received by it for account of itself
and all other said taxing units adjudged in said
suit to have a tax lien against such property, and
after paying all costs and expenses, shall be dis-
tributed among such taxing units pro rata and in
proportion to the amount of their tax liens against
such property as established in said judgment.
Consent in behalf of the State of Texas under this
Section of this Act may be given by the County Tax
Collector of the county in which the property is
located.

"Provided that if sale has not been made by
such purchasing taxing unit before six months
after the redemption period provided in Section
12 hereof has expired, it shall thereafter be the
duty of the Sheriff upon written request from
any taxing unit who has obtained a judgment in
said suit, to sell said property at public out-
cry to the highest bidder for cash at the prin-
cipal entrance of the courthouse in the county
wherein the land lies, after giving notice of
sale in the manner now prescribed for sale of
real estate under execution. Said notice shall
contain a legal description of the land to be
sold, the date of its purchase by such purchas-
ing taxing unit, the price for which the land
was sold to such taxing unit, that it will be
sold at public outcry to the highest bidder for
cash, and the date and place of sale. All sales
contemplated herein shall be made in the manner
prescribed for the sale of real estate under
execution, except that they must be made between
the hours of 2 o'clock P. M. and 4 o'clock P.M.,
and the Sheriff is hereby authorized, and it is
hereby made his duty, to reject any and all bids
for said land when in his judgment the amount
bid is insufficient or inadequate, and in the
event said bid or bids are received, the land
shall be readvertised and offered for sale as
provided for herein, but the acceptance by the
Sheriff of the bid shall be conclusive and bind-
ing on the question of the sufficiency of the
bid and no action shall be sustained in any Court
of this State to set aside said sale on the
grounds of the insufficiency of the amount bid
and accepted. Nothing herein shall be construed
as prohibiting any taxing unit participating in
said judgment, from instituting an action to set

aside the said sale on the grounds of fraud or collusion between the officer making the sale and the purchaser. The Sheriff shall apply the proceeds from such sale, first, to the payment of all costs in said unit and all costs and expenses of sale and resale and all attorney's fees and reasonable expenses taxed as costs by the Court in said suit and shall distribute the balance among the taxing units participating in said original judgment pro rata and in proportion to the amount of their tax liens against such property as established in said judgment." (Underscoring ours)

The above quoted article directs the Sheriff to take the proceeds from the sale and to first pay all costs and then to distribute the remainder among the taxing units participating in the original judgment pro rata and in proportion to the amount of their respective tax liens established in the tax judgment against the property. We believe this is the method to be followed in the distribution of the money realized at the second sale regardless of whether the money received at said second sale is insufficient to satisfy all costs and the amount of the original judgment or whether said amount is in excess of the costs and the amount of the original judgment.

We trust that the foregoing fully answers your inquiry on this matter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Billy Goldberg
Assistant

APPROVED JUL 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BG:LM

ENCLOSURE



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN

